SCANNED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| KRYSTINA SEABORN, | ) Case No.: 2:13-cv-584-MHT-CSC |
| Plaintiff, | ) COMPLAINT |
| vs. | ) |
| BROCK AND STOUT, L.L.C. | ) **DEMAND FOR JURY TRIAL** |
| Defendants. | ) |

COMES NOW Krystina Seaborn, by and through undersigned counsel, and submits the following claims against Brock and Stout, L.L.C.:

## PARTIES

1. The defendant, Brock and Stout, L.L.C., is a limited liability company organized and existing under the laws of the State of Alabama. As such, Defendant is a "person" as defined by 42 U.S.C. § 2000e(a). Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

2. The plaintiff, Krystina Seaborn, is an adult resident of the state of Alabama.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this claim and the litigation thereof pursuant to 28, U.S.C. §§ 1331, 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3).

4. The defendant in this action has its primary office in the Middle District of Alabama. The unlawful employment practices complained of herein occurred within the Middle District of Alabama, making venue proper under 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. § 1391.

1

## STATEMENT OF FACTS

5.      Plaintiff, Krystina Seaborn, is a female and member of a protected classification.

6.      Plaintiff in this case, Krystina Seaborn, engaged the services of Advantage Staffing in Dothan, Alabama to aid her in finding a job. In June of 2012, Advantage Staffing arranged for an interview for a position with Defendant Brock and Stout, L.L.C. Plaintiff interviewed over the internet via a skype feed with Michael Brock, an agent of Brock and Stout, L.L.C. on or about June 7, 2012.

7.      On or about June 25, 2012, Plaintiff was contacted by a representative of Advantage Staffing, known to Plaintiff as Sara Efinger, by email. Efinger conveyed to Plaintiff a job offer from Brock and Stout for a position as paralegal/office manager. Plaintiff telephoned Efinger and told Efinger that she desired a salary of thirty-three thousand dollars ($33,000) per year. She informed Efinger that she could start work the following week.

8.      Efinger returned her call and told Plaintiff that Brock and Stout was still interested, but wanted her to come down in her salary request to thirty thousand dollars ($30,000) per year. Plaintiff agreed to accept that salary. She then told Efinger that she was pregnant, and that she was due to give birth in January of 2013

9.      Plaintiff did not hear from Efinger or Defendant again until June 27, 2012. Efinger told Plaintiff that Brock and Stout had decided not to hire her because they needed someone to start work that same week.

10.      Defendant did not hire a paralegal to fill the position until August, 2012. Defendant filled the position with a less-qualified male applicant, namely: Carlton Avery

11. Plaintiff was qualified for the position, and has exhausted her administrative remedies by filing a charge with the Equal Employment Opportunity Commission, and has received a determination letter in that investigation advising her of her right to sue.

## COUNT I

### Title VII Disparate Treatment

12. Plaintiff incorporates the allegations contained in items one through ten as if set out here in full.

13. Defendant treated Plaintiff disparately on the basis of her sex and/or condition of pregnancy; Defendant decided not to hire Plaintiff in the position of paralegal, a position for which she was qualified, on the basis of her sex and/or her condition of being pregnant. Defendant treated a similarly situated male, Carlton Avery, more favorably by hiring him into the position for which Plaintiff applied. Such failure to hire was a disparate and adverse employment action based upon Plaintiff's sex and/or condition of pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended.

## PRAYER FOR RELIEF

WHEREFORE, the above premises considered, Plaintiff prays that this Honorable Court will assume jurisdiction over this action and enter a judgment against the defendant granting the following relief:

(a) Finding that Defendants treated Plaintiff disparately in violation of 42 U.S.C. § 2000(e) et. seq.;

(b) Awarding back-pay during all periods of employment from July 5, 2012 to the date of judgment in this case, including the value of all fringe benefits, as awardable by virtue of 42 U.S.C. § 2000e-5;

(c) Front-pay beginning at the date of judgment and continuing until such time as Plaintiff can be expected to attain comparable or equivalent remunerative employment.

(d) Compensatory damages for loss of pension benefits, retirement benefits, future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, and/or loss of enjoyment of life;

(e) Pre-judgment interest;

(f) Punitive or exemplary damages;

(g) Any other awardable damages which the Court deems appropriate

(h) Attorney's fees awardable under 42 U.S.C. § 1988 and/or 42 U.S.C. § 2000e-5(k).

## JURY DEMAND

**Plaintiff demands a trial by struck jury on all issues so triable.**

Respectfully submitted,

/s/ Krystina Seaborn
Krystina Seaborn
*Pro Se*
1408 Charing Loop
Auburn, AL 36830
(646) 206-2219