#

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **KRYSTINA SEABORN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 2:13-cv- 584-MHT-CSC |
| ) | |
| **BROCK & STOUT, LLC** ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## ANSWER

COMES NOW the Defendant, Brock & Stout, LLC, through counsel, and hereby generally denies the Plaintiff's Complaint. Specifically the Defendant states as follows:

1. The Defendant admits that it is an Alabama Limited Liability Corporation and is both a "person" and an "employer" under 42 U.S.C. § 2000e, but Defendant denies that it was ever an employer of the Plaintiff.

2. The Defendant has insufficient knowledge to admit or deny the allegations of paragraph 2 and therefore denies same.

3. The Defendant admits the allegations of Paragraph 3.

4. The Defendant denies that any unlawful employment practice occurred, but admits the remaining allegations of Paragraph 4.

5. The Defendant admits that the Plaintiff is female, but Defendant states that it has insufficient knowledge to admit or deny the remaining allegations of Paragraph 5 and therefore denies same.

#

6. The Defendant admits that it interviewed the Plaintiff in June 2012 by Skype. The Defendant has insufficient knowledge to admit or deny the remaining allegations of Paragraph 6 and therefore denies same.

7. The Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 7 and therefore denies same.

8. The Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 8 and therefore denies same.

9. The Defendant has insufficient knowledge to admit or deny the allegations as to whether the Plaintiff heard from Efinger until June 27, 2012 and therefore denies same. Defendant denies the remaining allegations of Paragraph 9.

10. The Defendant admits that it hired a paralegal in August 2012 named Carlton Avery. The Defendant denies the remaining allegations of Paragraph 10.

11. The Defendant admits that the Plaintiff filed a charge with the EEOC and received the Dismissal and Notice of Rights indicating that the EEOC found no violation of Title VII. The Defendant denies the remaining allegations of Paragraph 11.

## COUNT I

12. The Defendant incorporates its response to the allegations contained in Paragraphs 1 though 11 as if set out here in full.

13. The Defendant denies the allegations of Paragraph 13.

WHEREFORE, the Defendant prays that judgment be entered in its favor and against the Plaintiff herein and that the Plaintiff's prayer for relief, including items (a) through (h), be denied in all respects.

Respectfully submitted,

s/ Elizabeth B. Glasgow
Elizabeth B. Glasgow
ASB-8348-S58E
FARMER, PRICE, HORNSBY
& WEATHERFORD, L.L.P.
Post Office Drawer 2228
Dothan, Alabama 36302
(334) 793-2424

## AFFIRMATIVE DEFENSES

COMES NOW the Defendant, Brock & Stout, LLC, through counsel, and for its affirmative defenses to the Plaintiff's Complaint, states to the court as follows:

1. Except as expressly admitted hereinabove, Defendant denies the material allegations of the Complaint and demands strict proof thereof.

2. Plaintiff's complaint fails to state a claim upon which relief may be granted.

3. Any actions taken by Defendant as to Plaintiff's application for employment were for legitimate and nondiscriminatory reasons.

4. Plaintiff's claims are barred by the applicable statute of limitations or are otherwise untimely.

5. Plaintiff's claims may be barred in whole or in part by Plaintiff's failure to timely pursue and exhaust all administrative remedies.

6. Any damages suffered by Plaintiff were not caused by any action or omission for which Defendant is or could be liable.

7. Plaintiff's claims and damages may be limited by the after-acquired evidence of doctrine.

8. To avoid waiver, Defendant asserts equitable defenses of waiver, estoppel and unclean hands.

9. Defendant is not liable for any actions or omissions which it neither authorized nor ratified.

10. Defendant is not liable for any actions or omissions by any agent or employee which was committed outside the scope of the person's agency or employment.

11. Plaintiff has failed to mitigate her claimed damages.

12. Plaintiff's alleged damages, if any, were not the proximate result of any conduct for which this Defendant could be held liable. Unlawful animus was neither a motivating factor nor the motivating factor in defendant's employment decisions and Defendant would have made the same decision(s) regardless of any alleged protected status.

13. Defendant is not liable for punitive damages because it has undertaken a good-faith effort to comply with applicable state and federal laws and has not acted with malice or with reckless indifference to Plaintiff's civil rights.

14. Plaintiff is not entitled to punitive damages under federal or state law.

15. With respect to Plaintiff's demand for punitive damages, Defendant avers the standards regarding the determination and/or enforceability of punitive damage awards as set out in *BMW of No. America v. Gore*, 116 U.S. 1589 (1996).

Respectfully submitted,

__s/ Elizabeth B. Glasgow_____
Elizabeth B. Glasgow
ASB-8348-S58E
FARMER, PRICE, HORNSBY
& WEATHERFORD, L.L.P.
Post Office Drawer 2228
Dothan, Alabama 36302
(334) 793-2424

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

__s/ Elizabeth B. Glasgow_____
Elizabeth B. Glasgow

CERTIFICATE OF SERVICE

I, Elizabeth B. Glasgow, do hereby Certify that a true and correct copy of the foregoing has been furnished by U.S. Mail on this 26th day of September, 2013, to:

Krystine Seaborn
1408 Charing Loop
Auburn, Alabama 36830

__s/ Elizabeth B. Glasgow_____
Of Counsel